UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>BORQUEZ, *et al.*,<br><br>          Defendants. | Case No.  1:23-cv-00046-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS<br><br>(ECF Nos. 1, 8, 9)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.      Background**

Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.

On February 14, 2023, the Court screened Plaintiff's complaint and found that Plaintiff stated a cognizable claim against Defendants Borquez and Queredo for deliberate fabrication of evidence in violation of the Fourteenth Amendment, for the incident on or about April 7, 2018, but failed to state any other cognizable claims for relief.  (ECF No. 8.)  The Court ordered Plaintiff to either file a first amended complaint or notify the Court of his willingness to proceed only on the cognizable claim identified by the Court.  (*Id.*)  On March 6, 2023, Plaintiff filed a voluntary dismissal notifying the Court of his willingness to dismiss his malicious prosecution claim in order to proceed on the cognizable claims identified by the Court.  (ECF No. 9.)

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

§ 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**A.  Allegations in Complaint**

Plaintiff is currently housed at California State Prison, at Corcoran, California ("Corcoran") where the events in the complaint are alleged to have occurred. Plaintiff names as defendants: (1) S.M. Borquez, certified nurse assistant, and (2) P. Queredo, certified nurse assistant. Both Defendants are sued in their individual capacities.

In claim 1, Plaintiff alleges a violation of the Fourteenth Amendment for fabricating evidence for a criminal prosecution. In claim 2, Plaintiff alleges malicious prosecution. Both claims are based on the following facts. Defendants Borquez and Queredo were acting under color law and within the scope of their employment. On April 7, 2018, Plaintiff was on suicide watch at Corcoran in cell 4A1, in cell 8. Pursuant to suicide prevention protocols, staff took all of Plaintiff's clothes and underwear, and forced Plaintiff to wear a smock. Pursuant to suicide prevention protocols, Defendants Borquez and Queredo directly observed Plaintiff and another

2

inmate, in an adjacent cell, from a few feet away. Pursuant to suicide prevention protocols, Defendants Borquez and Queredo documented their observations every fifteen minutes.

At 1:00 a.m., Plaintiff boarded his window from observation with his smock and blanket preventing staff from looking in on Plaintiff. At 7:30 a.m., Borquez and Queredo falsely accused Plaintiff of standing completely naked on Plaintiff's bed, facing towards the door with Plaintiff's erect penis in his hand and masturbating while looking directly at Borquez. Defendant Queredo's incident report falsely accused Plaintiff of indecent exposure. Defendant Borquez made the same false statement in her incident report and in a rules violation report accusing Plaintiff of indecent exposure. Plaintiff states that he was not doing any of these acts. The 7:30 a.m. entry into the suicide watch log confirmed that Plaintiff had boarded his cell door window at that time.

Staff referred this false allegation to the District Attorneys' office. On February 25, 2019, Plaintiff was charged with the crime of indecent exposure. On February 26, 2020, the District Attorney's office dismissed the charge. Plaintiff, however, still faced disciplinary charges on the false allegation. If Plaintiff had been criminally convicted, Plaintiff would have faced a lifetime of registering as a sex offender and up to a year in the County jail.

On December 22, 2020, Lieutenant Marmolejo held a disciplinary hearing on the false charges and found Plaintiff not guilty of the charge of indecent exposure.

Plaintiff alleges he suffered mental anguish and emotional distress, anger, anxiety, worry, shame, embarrassment, and humiliation. As remedies, Plaintiff seeks compensatory and punitive damages.

**B.      Discussion**

With the exception as noted below, Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8.

**1.      Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678

3

(citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

Here, Plaintiff's complaint is short, but it is not a plain statement of his claim. As explained more fully below, Plaintiff fails to set forth factual allegations that state a claim for relief.

### 2. Malicious Prosecution

A claim for malicious prosecution or abuse of process is not generally cognizable under Section 1983 if a process is available within the state judicial system to provide a remedy. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987) (citations omitted). The exception is "when a malicious prosecution is conducted with the intent to deprive a person of equal protection of the laws or is otherwise intended to subject a person to denial of constitutional rights." *Id.* (citations omitted). In order to prevail on a Section 1983 claim of malicious prosecution, a plaintiff "must show that the defendants prosecuted [him] with malice and without probable cause, and that they did so for the purpose of denying [him] equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) (citations omitted); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir. 2004); *Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012). Malicious prosecution actions are not limited to suits against prosecutors but may be brought, as here, against other persons who have wrongfully caused the charges to be filed. *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1126–27 (9th Cir. 2002). Probable cause is an absolute defense to malicious prosecution. *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1054 (9th Cir. 2009).

For the termination to be considered "favorable" to the malicious prosecution plaintiff, it must be reflective of the merits of the action and of the plaintiff's innocence of the charges. *Villa v. Cole*, 4 Cal. App. 4th 1327, 1335 (1992); *Awabdy*, 368 F.3d at 1068 ("An individual seeking to bring a malicious prosecution claim must generally establish that the prior proceedings terminated in such a manner as to indicate his innocence."). In this regard, "a dismissal in the interests of

1  justice satisfies this requirement if it reflects the opinion of the prosecuting party or the court that
2  the action lacked merit or would result in a decision in favor of the defendant," and "[w]hen such
3  a dismissal is procured as the result of a motion by the prosecutor and there are allegations that
4  the prior proceedings were instituted as the result of fraudulent conduct, a malicious prosecution
5  plaintiff is not precluded from maintaining his action unless the defendants can establish that the
6  charges were withdrawn on the basis of a compromise among the parties or for a cause that was
7  not inconsistent with his guilt." *Awabdy*, 368 F.3d at 1068.

8        Plaintiff has failed to describe how any individual Defendant caused the case to be
9  prosecuted against Plaintiff with malice.  Plaintiff also fails to allege any specific facts about the
10  prosecution's dismissal.  A dismissal resulting from negotiation, settlement, or agreement is
11  generally not deemed a favorable termination of the proceedings.  *Villa*, 4 Cal. App. 4th at 1335.
12  "[A]s a matter of law . . . the favorable termination which is essential to the plaintiff in a
13  malicious prosecution action cannot be based on the dismissal of the criminal charges remaining
14  after the defendant in a criminal proceeding has entered a plea of nolo contendere to one or more
15  of the charges in the accusatory pleading pursuant to a plea bargain.  *Cote v. Henderson*, 218 Cal.
16  App. 3d 796, 804 (1990).  Plaintiff's complaint does not clearly indicate the facts of his
17  prosecution or facts upon which his case was dismissed.

18        A section 1983 malicious prosecution plaintiff must prove that the defendants acted for
19  the purpose of depriving him of a "specific constitutional right." *Awabdy*, 368 F.3d at 1069 ("a
20  § 1983 malicious prosecution plaintiff must prove that the defendants acted for the purpose of
21  depriving him of a 'specific constitutional right.'").  However, "no substantive due process right
22  exists under the Fourteenth Amendment to be free from prosecution without probable cause." *Id.*
23        Plaintiff does not allege that he was prosecuted to deprive him of a specific constitutional
24  right.  Rather, he alleges he was falsely accused and that accusation resulted in the initiation of
25  the prosecution.  He does not allege the Defendants did so for the purpose of denying him equal
26  protection or another specific constitutional right.  Plaintiff does not allege that the Defendants
27  violated a constitutional right, such as equal protection, based on their false accusations and other
28  wrongful actions that led to the institution of criminal proceedings.

### 3. Fourteenth Amendment – Deliberate Fabrication of Evidence

Plaintiff asserts a Fourteenth Amendment due process claim, predicated on *Devereaux*, that "there is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." *Devereaux v. Abbey*, 263 F.3d 1070, 1074–75 (9th Cir. 2001) (*en banc*)[1]; *see also Spencer v. Peters*, 857 F.3d 789, 793 (9th Cir. 2017) ("The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official."). The Ninth Circuit derived this right from the Supreme Court's holding in *Pyle v. Kansas*, 317 U.S. 213, 216 (1942), noting that "the knowing use by the prosecution of perjured testimony in order to secure a criminal conviction violates the Constitution." *Devereaux*, 263 F.3d at 1075; *see Theodoropoulos v. Cty. of Los Angeles*, Case No. 2:19-cv-00417-JGB-KES, 2020 WL 5239859, at *4 (C.D. Cal. Jul. 17, 2020) ("[F]abrication of evidence is not a constitutional violation unless the fabricated evidence played a material role in the plaintiff's prosecution.").

Deliberately providing false evidence that results in criminal charges or certain administrative penalties can give rise to a due process claim where there was a resulting deprivation of liberty. *Devereaux*, 263 F.3d at 1074–75 (9th Cir. 2001) (*en banc*) ("[T]here is a clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government."). "To prevail on a § 1983 claim of deliberate fabrication, a plaintiff must prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017) (citations omitted). To establish the second element of causation, the plaintiff must show "that (a) the act was the cause in fact of the deprivation of liberty, meaning that the injury would not have occurred in the absence of the conduct; and (b) the act was the 'proximate cause' or 'legal cause' of the injury, meaning that the injury is of a type that a reasonable person would see as a likely result of the

---

[1] A *Devereaux* claim is similar to the tort of malicious prosecution, which involves the right to be free from the use of legal process that is motivated by malice and unsupported by probable cause. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1066 (9th Cir.2004); *Bradford v. Scherschligt*, 803 F.3d 382, 388 (9th Cir. 2015) ("the right at issue in a *Devereaux* claim is the right to be free from criminal charges based on a claim of deliberately fabricated evidence) (citations omitted).

1  conduct in question." *Spencer*, 857 F.3d at 798 (citations omitted).

2  Here, Plaintiff has pointed to evidence he contends the Defendants deliberately fabricated—the charge of indecent exposure. Plaintiff alleges each Defendant falsely stated Plaintiff exposed himself, and these statements were referred for criminal prosecution. *See e.g.*, *Costanich v. Dep't of Soc. & Health Servs*., 627 F.3d 1101, 1107 (9th Cir. 2010) (false statements in report and declaration).

Plaintiff also alleges a deprivation of liberty. He was criminally charged, prosecuted for a year, and then subject to disciplinary proceedings. *See Chappell v. Bess*, 2012 WL 3276984, at *22 (E.D. Cal. Aug. 9, 2012) ("The court finds that plaintiff has alleged the deprivation of a cognizable liberty interest based on his allegations that, as a result of defendants' alleged fabrication of evidence, plaintiff was subjected to unwarranted disciplinary proceedings and criminal prosecution, and was retained in administrative segregation for more than two years, the latter, particularly if unwarranted, constituting an atypical and significant hardship . . . in relation to the ordinary incidents of prison life." (alteration in original) (citation and internal quotation marks omitted)); *Garces v. Hernandez*, No. 1:21-CV-00392 JLT EPG PC, 2022 WL 15523563, at *6 (E.D. Cal. Oct. 27, 2022) (As a result of the criminal charges, Plaintiff was placed in solitary confinement and in a Super Max facility); *see Caldwell v. City & Cty. of San Francisco*, 889 F.3d 1105, 1115 (9th Cir. 2018) ("[P]laintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough."); *Olivan v. Cty. of Orange*, No. 8:22-CV000008 FWS KES, 2022 WL 16857021, at *6 (C.D. Cal. Sept. 1, 2022) (Plaintiff sufficiently pleaded he was deprived of liberty by alleging he was charged with violating California Penal Code § 69).

### III. Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's complaint states a cognizable claim against Defendants S.M. Borquez, certified nurse assistant and P. Queredo, certified nurse assistant, both at California State Prison at Corcoran, for deliberate fabrication of evidence in violation of the Fourteenth Amendment, for the incident on or about April 7, 2018. However, Plaintiff's complaint fails to state any other cognizable claims.

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's complaint, filed January 11, 2023, (ECF No. 1), against Defendants Borquez and Queredo for deliberate fabrication of evidence in violation of the Fourteenth Amendment; and

2. All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

* * *

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 7, 2023**          /s/ Barbara A. McAuliffe
                                   UNITED STATES MAGISTRATE JUDGE