# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVONTE B. HARRIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BORQUEZ, *et al.*,<br><br>　　　　　Defendants. | Case No.  1:23-cv-00046-ADA-BAM (PC)<br><br>ORDER CLARIFYING DEADLINE FOR DEFENDANT BORQUEZ TO FILE RESPONSE TO COMPLAINT<br><br>(ECF Nos. 21, 22)<br><br>**Response to Complaint Due: September 21, 2023** |

　　　　Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983.  This action proceeds against Defendants Borquez and Queredo for deliberate fabrication of evidence in violation of the Fourteenth Amendment.

　　　　On March 28, 2023, the Court found service of the complaint appropriate and directed service on Defendants under the Court's E-Service pilot program.  (ECF No. 14.)  Pursuant to that order, the service order, summonses, and the operative complaint were served via email on the California Department of Corrections and Rehabilitation ("CDCR").  On May 30, 2023, CDCR filed a Notice of Intent to Not Waive Service indicating that Defendants Borquez and Queredo could not be identified.  (ECF No. 16.)  Currently pending is the Court's order for Plaintiff to show cause why Defendants Borquez and Queredo should not be dismissed from this action for failure to provide sufficient information to effectuate service, with Plaintiff's response due on or before August 9, 2023.  (ECF Nos. 17, 19.)

　　　　On August 22, 2023 and August 23, 2023, Defendant Borquez, notwithstanding CDCR's earlier indication that she could not be identified for service of process, filed a waiver of service of process.  (ECF Nos. 21, 22.)

Pursuant to the Court's E-Service Order, "[a] defendant who timely waives service need not serve an answer to the complaint until 60 days after the waiver of service of process was sent." (ECF No. 14, p. 3.) Further, "[f]or any defendant that the CDCR advises will be waiving service, the date the CDCR files its Notice of E-Service Waiver will be considered the date the request for waiver was sent." (*Id.*)

Defendant Borquez's waiver of service states that Defendant's answer is due "within 30 days after 8/18/2023," (ECF No. 21, p. 1; ECF No. 22, p. 1), while the Court's docket entry for the waiver of service states that Defendant's answer is due on October 17, 2023, (ECF No. 21). Further, the USM-285 attached to the waiver of service indicates that while the waiver packet was sent on June 27, 2023, the Date of Service on counsel for Defendant Borquez was not until August 22, 2023, the date the signed waiver was returned. (ECF No. 21, p. 2.) Finally, as CDCR never advised that Defendant Borquez would be waiving service through a Notice of E-Service Waiver, the May 30, 2023 Notice of Intent to Not Waive Service is not applicable for calculating the answer deadline.

By the instant order, the Court clarifies that pursuant to the March 28, 2023 E-Service Order and in light of the conflicting information in the record, Defendant Borquez's answer or other responsive pleading is due within 30 days after August 22, 2023, the latest apparent date of service for the waiver form. Should Defendant Borquez require additional time to respond to the complaint, she may file a motion for an extension of time setting forth good cause in support of the request.

Accordingly, IT IS HEREBY ORDERED that Defendant Borquez shall file an answer or other response to the complaint on or before **September 21, 2023**.

IT IS SO ORDERED.

Dated:   **August 23, 2023**              /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE