1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  DEVONTE B. HARRIS, | Case No.  1:23-cv-00046-ADA-BAM (PC) |
| 12              Plaintiff, | ORDER DISCHARGING ORDER TO SHOW |
| 13       v. | CAUSE WHY DEFENDANT QUEVEDO SHOULD NOT BE DISMISSED (ECF No. 17) |
| 14  BORQUEZ, *et al.*, | ORDER CLARIFYING DEADLINE FOR |
| 15              Defendants. | DEFENDANT QUEVEDO TO FILE RESPONSE TO COMPLAINT (ECF No. 27) |
| 16 | |
| 17 | **Response to Complaint Due: October 12, 2023** |
| 18 | |

19          Plaintiff Devonte B. Harris ("Plaintiff") is a state prisoner proceeding *pro se* in this civil

20  rights action under 42 U.S.C. § 1983.  This action proceeds against Defendants Borquez and

21  Quevedo[1] for deliberate fabrication of evidence in violation of the Fourteenth Amendment.

22          On March 28, 2023, the Court found service of the complaint appropriate and directed

23  service on Defendants under the Court's E-Service pilot program.  (ECF No. 14.)  Pursuant to that

24  order, the service order, summonses, and the operative complaint were served via email on the

25  California Department of Corrections and Rehabilitation ("CDCR").  On May 30, 2023, CDCR

26  filed a Notice of Intent to Not Waive Service indicating that Defendants Borquez and Quevedo

27

28  [1] Erroneously sued as "Queredo."

1

1   could not be identified.  (ECF No. 16.)  Accordingly, on June 1, 2023, the Court issued an order

2   for Plaintiff to show cause why Defendants Borquez and Quevedo should not be dismissed from

3   this action for failure to provide sufficient information to effectuate service.  (ECF No. 17.)

4        On August 22, 2023 and August 23, 2023, Defendant Borquez, notwithstanding CDCR's

5   earlier indication that she could not be identified for service of process, filed a waiver of service

6   of process.  (ECF Nos. 21, 22.)  Defendant Borquez's response to the complaint is currently due

7   on or before September 21, 2023.  (ECF No. 23.)

8        On August 28, 2023, the Court granted in part Plaintiff's second motion for extension of

9   time to show cause why Defendant Quevedo should not be dismissed from this action for failure

10  to provide sufficient information to effectuate service.  (ECF No. 25.)

11       However, on September 13, 2023, Defendant Quevedo also filed a waiver of service of

12  process.  (ECF No. 27.)

13       Pursuant to the Court's E-Service Order, "[a] defendant who timely waives service need

14  not serve an answer to the complaint until 60 days after the waiver of service of process was

15  sent."  (ECF No. 14, p. 3.)  Further, "[f]or any defendant that the CDCR advises will be waiving

16  service, the date the CDCR files its Notice of E-Service Waiver will be considered the date the

17  request for waiver was sent."  (*Id.*)

18       Defendant Quevedo's waiver of service states that the answer is due "within 30 days after

19  9/12/2023," (ECF No. 27, p. 1), while the Court's docket entry for the waiver of service states

20  that Defendant's answer is due on November 13, 2023.  Further, the USM-285 attached to the

21  waiver of service indicates that while a waiver packet was sent on June 27, 2023, the Date of

22  Service is blank, and the date the signed waiver was returned is September 12, 2023.  (*Id.* at 2.)

23  Finally, as CDCR never advised that Defendant Quevedo would be waiving service through a

24  Notice of E-Service Waiver, the May 30, 2023 Notice of Intent to Not Waive Service is not

25  applicable for calculating the answer deadline.

26       By the instant order, the Court clarifies that pursuant to the March 28, 2023 E-Service

27  Order and in light of the conflicting information in the record, Defendant Quevedo's answer or

28  other responsive pleading is due within 30 days after September 12, 2023, the latest apparent date

of service for the waiver form.  Should Defendant Quevedo require additional time to respond to the complaint, she may file a motion for an extension of time setting forth good cause in support of the request.

In addition, as Defendant Quevedo has now filed an executed waiver of service signed by counsel, the Court finds it appropriate to discharge the order to show cause.  Plaintiff is relieved of the obligation to provide further identifying information for Defendant Quevedo or Defendant Borquez.

Accordingly, IT IS HEREBY ORDERED as follows:

1.  The June 1, 2023 order to show cause why Defendants Borquez and Queredo (Quevedo) should not be dismissed from this action for failure to provide sufficient information to effectuate service, (ECF No. 17), is DISCHARGED; and

2.  Defendant Quevedo shall file an answer or other response to the complaint on or before **October 12, 2023**.

IT IS SO ORDERED.

Dated:   **September 14, 2023**            /s/ *Barbara A. McAuliffe*
                                                      UNITED STATES MAGISTRATE JUDGE